1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**JOHN L. BURRIS, Esq. SBN 69888**
**BEN NISENBAUM, Esq. SBN 222173**
**MELISSA C. NOLD, Esq. SBN 301378**
**LAW OFFICES OF JOHN L. BURRIS**
Airport Corporate Centre
7677 Oakport Street, Suite 1120
Oakland, California 94621
Telephone:  (510) 839-5200
Facsimile:   (510) 839-3882
john.burris@johnburrislaw.com
bnisenbaum@gmail.com
melissa.nold@johnburrislaw.com

Attorneys for Plaintiffs

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN HERNANDEZ, by and through his Guardian Ad Litem JENNIFER HERNANDEZ; and H.E., by and through her Guardian Ad Litem, JENNIFER HERNANDEZ,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF SACRAMENTO, a municipal corporation; and DOES 1-50, individually and in their official capacities as Police Officers for the CITY OF SACRAMENTO, jointly and severally,<br><br>Defendants. | CASE NO.:<br><br><br>COMPLAINT FOR VIOLATION OF CIVIL RIGHTS AND DAMAGES<br><br>JURY TRIAL DEMANDED |

## INTRODUCTION

1.   On March 6, 2017, at approximately 12:00 p.m., 34-year old John Hernandez was in the parking lot of the Rite Aid store, on Alhambra Street, in Sacramento, California. Yet-to-be-identified

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS & DAMAGES - 1

City of Sacramento Police Officers responded to the store after a citizen reported a disturbance. Mr. Hernandez was committing no crime and declined to interact with officers, proceeding to run across the street into the Sutter Health Center. The incident was partially documented on Defendants' dash and lapel cameras.

2.   Multiple officers followed Mr. Hernandez into the Sutter Health Building and followed him into a narrow hallway.  Three officers caught up with Mr. Hernandez, and forcibly restrained him on the floor, using their combined body weight to mash Mr. Hernandez into the floor, with at least one of the officers appearing to be in excess of 300 pounds. While violently restraining Mr. Hernandez, the officers dispensed multiple strikes with their collapsible batons, and upwards of nine (9) taser deployments in Mr. Hernandez's back and neck. A second set of four (4) officers arrived and relieved the first set of three officers, continuing to force Mr. Hernandez's body into the floor. After this despicable display of purely unwarranted and outrageously excessive force, Mr. Hernandez can be heard whimpering before he became unresponsive and stopped breathing.

3.   Emergency medical responders arrived and began administering life saving measures. First responders eventually resuscitated Mr. Hernandez after he had been deprived of oxygen for ten (10) minutes or longer. Mr. Hernandez was transported to the hospital where he stayed in a coma for several days, while being kept alive with the assistance of a ventilator, dialysis and a feeding tube. When Mr. Hernandez finally awoke from his coma he was diagnosed with profound brain damage and will be a perpetual child for the balance of his natural life, requiring 24-hour care.

4.    This action seeks to recover damages for the multiple state actions and federal constitutional violations, for both Mr. Hernandez and his minor child H.E, who has been permanently deprived of her father.

## **JURISDICTION**

5.   This action arises under Title 42 of the United States Code, Section 1983.  Title 28 of the United States Code, Sections 1331 and 1343 confers jurisdiction upon this Court.  The unlawful acts and practices alleged herein occurred in Sacramento, California, which is within this judicial district. Title 28 United States Code Section 1391(b) confers venue upon this Court.

**PARTIES**

6.  At all times mentioned herein, Plaintiff, John Hernandez (hereinafter "Hernandez"), is a resident of California and United States citizen. John Hernandez's Guardian-Ad-Litem, Jennifer Hernandez, is a competent adult who represents him in this action due to a Mr. Hernandez's profound brain injury and corresponding mental incompetence. Jennifer Hernandez is the wife of John Hernandez.

7.  At all times mentioned herein, Plaintiff, minor H.E. (hereinafter "H.E."), is a resident of California and a United States Citizen.  Her Guardian-Ad-Litem, Jennifer Hernandez, a competent adult, is representing her in this action. Minor H.E. is the minor child of Plaintiff John Hernandez and Guardian Ad Litem Jennifer Hernandez.

8.  Defendant CITY OF SACRAMENTO (hereinafter referred to as "CITY")  is and at all times mentioned herein a municipal corporation, duly authorized to operate under the laws of the State of California.  Under its supervision, the CITY OF SACARAMENTO operates the Sacramento Police Department ("SPD").

9.  Plaintiffs are ignorant of the true names and/or capacities of defendants sued herein as DOES 1 through 50, inclusive, and therefore sue said defendants by such fictitious names. Plaintiffs attempted to ascertain the names of the DOE Defendant prior to filing, but their requests were denied by City of Sacramento officials. Plaintiffs will amend this complaint to allege their true names and capacities when ascertained.  Plaintiffs believe and allege that each of the DOE defendants is legally responsible and liable for the incident, injuries and damages hereinafter set forth.  Each defendant proximately caused injuries and damages because of their negligence, breach of duty, negligent supervision, management or control, violation of public policy and/or use of excessive force.  Each defendant is liable for his/her personal conduct, vicarious or imputed negligence, fault, or breach of duty, whether severally or jointly, or whether based upon agency, employment, ownership, entrustment, custody, care or control or upon any other act or omission.  Plaintiffs will ask leave to amend their complaint subject to further discovery.

10. In engaging in the conduct alleged herein, defendant police officers acted under the color of

law and in the course and scope of their employment with CITY. In engaging in the conduct described herein, Defendant police officers exceeded the authority vested in them as police officers, under the United States and California Constitutions, and as employees of CITY.

## STATEMENT OF FACTS

11. On March 6, 2017, at approximately 12:00 p.m., John Hernandez was standing outside of the Rite Aid store, located at 1125 Alhambra Street, in Sacramento, California. John Hernandez purchased a beverage from the store. Mr. Hernandez was commiting no crime and was not posing a threat to himself or anyone else. Nevertheless, Rite Aid employees contacted Sacramento Police Department, when they perceived Mr. Hernandez to be acting strangely.

12. A yet-to-be-identified City of Sacramento Police Officer arrived on the scene and contacted Mr. Hernandez. The initial contact officer was clearly physically unfit for duty, due to morbid obesity and was clearly not capable of upholding the basic physical requirements of a patrol officer. Mr. Hernandez easily avoided contacted with the officer, who was physically unable to detain Mr. Hernandez due to his obesity, extraordinarily slow movements and inability to pursue on foot whatsoever. Mr. Hernandez avoided contact with the slow-moving officer and headed in the direction of the Sutter Health Hospital across the street, at 1201 'L' Street. Additional officers arrived and gave chase. At the time Mr. Hernandez ran away he was suspected of no violent crime or felony. Mr. Hernandez entered the Sutter facility and was pursued by several City of Sacramento Police Officers, with the initial contact officer eventually catching up to the backup officers.

13. The Officers stalked Mr. Hernandez down a narrow hallway and outside of the scope of available surveillance cameras. A struggle ensued and three officers, including the intitial responding officer who appeared to weight 300+ pounds, used their body weight, strikes and control holds to force Mr. Hernandez onto the ground. One or more of the officers deployed their tasers into Mr. Hernandez's neck and back, at least 9 (nine) times. In addition, one or more of the officers struck Mr. Hernandez in the back with their batons multiple times, using a stabbing motion. An additional set of four officers arrived and relieved the first set of exhausted officers, who were holding Mr. Hernandez on the ground and using force against him. During the incident, Mr. Hernandez can be heard moaning

in pain.  The officers continued to use their body weight, unknown types of force, tasers and batons on Mr. Hernandez until he became unresponsive.

14. As a result of the officers unconstitutional excessive and unwarranted force, Mr. Hernandez stopped breathing. The officers called for medical assistance. For unknown reasons the officers did not seek the assistance of the medical staff at the hospital they were physically located in and awaited the arrival of fire and/or paramedic/EMTs. Mr. Hernandez was completely without oxygen to his brain, as the emergency medical care providers administered CPR for over 10 minutes. Eventually Mr. Hernandez regained a pulse, and was taken to the Sutter Medical Center emergency room.

15. Mr. Hernandez was transported to Sutter Medical Center Hospital in a coma, with dozens of taser injuries documented on his back and neck. Mr. Hernandez's systems began to fail, requiring dialysis and a feeding tube. Mr. Hernandez was unable to breathe on his own, and was placed on a ventilator. Mr. Hernandez's family was forced to consider removing him from life support to end his unbearable suffering. Unfortunately, the prolonged lack of oxygen to Mr. Hernandez's brain resulted in a significant permanent brain injury and a profound lifetime disability. Mr. Hernandez was initially expected to be in a catatonic state.

16. Mr. Hernandez slowly began to recover a portion of his pre-existing physical health and slowly began to move independently, eventually regaining the ability to breathe, walk and eat unassisted over the next few months.

17. When Sacramento Police Officers came into contact with John Hernandez he was an employed, able-bodied adult, who can clearly be seen in good health running from the officers. There is no possible legal justification for the force used on Mr. Hernandez, who was upon first contact with officers, **at best**, loitering and/or resisting arrest, both very minor misdemeanors.  As a result of this incident of unwarranted and egregious excessive force, Mr. Hernandez's life as a functioning person essentially ended and he has been sentenced to a lifetime with the mental capacity of a small child.

18. Mr. Hernandez no longer had the mental capacity to work or maintain his personal affairs and has the approximate intellect and abilities of a 4-year old child. Mr. Hernandez will never recover from his traumatic brain injury and will require lifetime care, due to his traumatic brain injury. Additionally, Mr. Hernandez is unable to care for his own basic needs, such as toileting, and requires 24-hour supervision and assistance to prevent him from harm.

19. As a result of Defendants' actions, Mr. Hernandez will never again be able to work or support

1   himself whatsoever. Mr. Hernandez will never again be able to financially provide for or provide

2   emotional support for his 8 (eight) year-old daughter. Mr. Hernandez, a once thriving 34-year old

3   man has been robbed of his entire life.

4       20.  Plaintiffs are informed and believes and thereon alleges that CITY, and DOES 26-

5   50, inclusive, breached their duty of care to the public in that they have failed to discipline

6   Defendants and DOES 1-25 inclusive, for their respective misconduct and involvement in the

7   incident described herein. Their failure to discipline Defendants and DOES 1-25 inclusive,

8   demonstrates the existence of an entrenched culture, policy or practice of promoting, tolerating and/or

9   ratifying with deliberate indifference, the use of excessive force and the fabrication of official reports

10  to cover up Defendants and DOES 1-25's inclusive, misconduct.

11      21. Plaintiffs are informed, believes and thereon alleges that members of the

12  CITY Police Department, including, but not limited to Defendants and DOES 1-25

13  inclusive and/or each of them, have individually and/or while acting in concert with one

14  another used excessive, arbitrary and/or unreasonable force against John Hernandez in a

15  manner prohibited by the United States Constitution.

16      22. Plaintiffs are further informed, believes and therein alleges that as a matter of official policy –

17  rooted in an entrenched posture of deliberate indifference to the constitutional rights of persons who

18  live, work or visit the CITY of SACRAMENTO, SPD has allowed persons to be abused by its

19  employees including Defendant DOES 1-25 and/or each of them, individually and/or while acting in

20  concert with one another.

21      23. Plaintiffs are informed, believes and therein alleges that SPD employees exhibit a

22  pattern and practice of using unwarranted and excessive force against citizens and despite these

23  incidents, none of the employees are ever found in violation of department policy, even under the

24  most questionable of circumstances.  SPD's failure to discipline or retrain any of the involved

25  employees is evidence of an official policy, entrenched culture and posture of deliberate indifference

26  toward protecting citizen's rights and the resulting injuries is a proximate result of SPD's failure to

27  properly supervise its employees and ratify their unconstitutional conduct.

28      24. Plaintiffs are informed, believes and therein alleges that CITY knew, had reason to

1  know by way of actual or constructive notice of the aforementioned policy, culture, pattern and/or

2  practice and the complained of conduct and resultant injuries/violations.

3      25. Plaintiffs are ignorant of the true names and capacities of Defendant Officers DOES 1 through

4  25, inclusive, and therefore sue these Defendants by such fictitious names.  Plaintiffs are informed,

5  believes, and thereon alleges that each Defendant so named is responsible in some manner for the

6  injuries and damages sustained by Plaintiffs as set forth herein.  Plaintiffs will amend their complaint

7  to state the names and capacities of DOES 1-50, inclusive, when they have been ascertained.

8                                                DAMAGES

9      26. Plaintiffs were physically and emotionally injured and damaged as a proximate result of

10  Plaintiff's egregious assault, including but not limited to: Defendants' violation of Plaintiffs' federal

11  civil rights under 42 U.S.C. §1983, the Fourteenth Amendment.

12      27. Plaintiffs found it necessary to engage the services of private counsel to vindicate his rights

13  under the law.  Plaintiff is therefore entitled to an award of attorneys' fees and/or costs pursuant to

14  statute(s) in the event that they are the prevailing parties in this action under 42 U.S.C. § 1983, and

15  1988.

16                                       **FIRST CAUSE OF ACTION**

17              **Violation of Fourth Amendment of the United States Constitution**

18                                            **(42 U.S.C. §1983)**

19  (Plaintiff John Hernandez, by and through his Guardian Ad Litem Jennifer Hernandez Against DOES

20                                            1-25 inclusive)

21      28. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 27 of this complaint.

22  Defendants' above-described conduct violated John Hernandez's rights, as provided for under the

23  Fourth Amendment to the United States Constitution, to be free from excessive and/or arbitrary

24  and/or unreasonable use of force against him and/or unreasonable and biased enforcement of law.

25      29. John Hernandez was and is forced to endure great conscious pain and suffering because of the

26  Defendants' unwarranted and unreasonable attack;

27      30. Defendants acted under color of law by unlawfully restraining and beating John Hernandez

28

without lawful justification and subjecting Plaintiff to excessive force thereby depriving him of certain constitutionally protected rights, including, but not limited to:

a. The right to be free from unreasonable searches and seizures, as guaranteed by the Fourth Amendment to the United States Constitution;

39. Plaintiff contend that the City of Sacramento is liable for all state law causes of actions, under the theory of Respondeat Superior, wherein damages occurred while City of Sacramento employees were engaged in the performance of their job duties

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## SECOND CAUSE OF ACTION

### (Monell – 42 U.S.C. section 1983)

(All Plaintiffs Against CITY and DOES 26-50)

31. Plaintiffs hereby re-allege and incorporate by reference herein paragraphs 1 through 30 of this Complaint.

32. Plaintiffs are informed and believe and thereon allege that high-ranking CITY officials, including high-ranking police supervisors and DOES 26 through 50, and/or each of them, knew and/or reasonably should have known about the repeated acts of unconstitutional excessive force by SPD Officers.

33. Despite having such notice, Plaintiffs are informed and believe and thereon allege that CITY & DOES 26-50, and/or each of them, approved, ratified, condoned, encouraged, sought to cover up, and/or tacitly authorized the continuing pattern and practice of misconduct and/or civil rights violations by SPD which brought about Defendants and DOES 1-25 unlawfully beating John Hernandez, which resulted in the myriad of related damages.

34. Plaintiffs are further informed and believe and thereon allege that as a result of the deliberate indifference, reckless and/or conscious disregard of the misconduct by Defendants and DOES 1-25 and/or each of them, ratified and encouraged these officers to continue their course of misconduct.

35. Plaintiffs further allege that Defendant DOES 26-50, and/or each of

them, were on notice of the Constitutional defects in their training of SPD police officers,

including, but not limited to unlawfully using excessive force to make detentions and/or arrests.

36.   The aforementioned acts and/or omissions and/or deliberate indifference by high ranking CITY officials, including high ranking SPD supervisors, DOES 26-50, and each of them resulted in the deprivation of Plaintiffs' constitutional rights including, but not limited to the right to not be deprived of life, liberty or property without due process of the law, as guaranteed by the Fourteenth Amendment to the United States Constitution and the right to be free from excessive force by police officers, as guaranteed by the Fourth Amendment to the United States Constitution.

## THIRD CAUSE OF ACTION

### (Violation of Plaintiff's Fourteenth Amendment Right to Familial Relationship)

### (42 U.S.C. section 1983)

(Plaintiff H.E., by and through her Guardian Ad Litem Jennifer Hernandez v. DOES 1-50)

37. Plaintiffs re-allege and incorporate by reference paragraphs 1 through 36 of this Complaint.

38. Defendants, acting under color of state law, and without due process of law, deprived Plaintiff H.E. of her rights to a familial relationship with her father by seizing John Hernandez by use of unreasonable, unjustified, force and violence, causing injuries which resulted in John Hernandez's permanent and profound disability and mental incapacity, all without provocation and further attempted to conceal their extraordinary use of force and hide the true cause of John Hernandez's catastrophic injuries in order to deprive Plaintiff of her rights to seek redress in violation of her rights, privileges, and immunities secured by the Fourteenth Amendment to the United States Constitution.

40. Plaintiff contends that the City of Sacramento is liable for all state law causes of actions,

under the theory of Respondeat Superior, wherein damages occurred while City of Sacramento employees were engaged in the performance of their job duties

WHEREFORE, Plaintiff pray for relief as hereinafter set forth.

## FOURTH CAUSE OF ACTION

### (Violation of Plaintiff's State Statutory Rights)

### (Violation of California Civil Code § 52.1)

(John Hernandez by and through his Guardian-Ad-Litem Jennifer Hernandez Against Defendant

DOES 1-25, inclusive)

41. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 40 of this Complaint.

42. Defendant DOES 1-25 above-described conduct constituted interference, and attempted interference, by threats, intimidation and coercion, with John Hernandez's peaceable exercise and enjoyment of rights secured by the Constitution and laws of the United States and the State of California, in violation of California Civil Code §52.1.

43. Under the provisions of California Civil Code § 52(b), Defendants are liable for punitive damages for each violation of California Civil Code § 52.1, reasonable attorney's fees and an additional $25,0000.

44. As a proximate result of Defendant's wrongful conduct, John Hernandez suffered as hereinafter set forth below herein.

45. Plaintiff contend that the City of Sacramento is liable for all state law causes of actions, under the theory of Respondeat Superior, wherein damages occurred while City of Sacramento employees were engaged in the performance of their job duties

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## FIFTH CAUSE OF ACTION

### (Assault And Battery)

(Plaintiff John Hernandez, by and through his Guardian-Ad-Litem Jennifer Hernandez Against

Defendants DOES 1-25, inclusive)

46. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 45 of this Complaint.

47. Defendants' above-described conduct constituted assault and battery.

48. Plaintiff contend that the City of Sacramento is liable for all state law causes of actions, under the theory of Respondeat Superior, wherein damages occurred while City of Sacramento

employees were engaged in the performance of their job duties.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## SIXTH CAUSE OF ACTION
### (Negligence)

(All Plaintiffs Against DOES 1-25)

49. Plaintiffs re-allege and incorporate by reference herein paragraphs 1 through 48 of this Complaint, except for any and all allegations of intentional, malicious, extreme, outrageous, wanton, and oppressive conduct by defendants, and any and all allegations requesting punitive damages.

50. Defendant DOES 1-25 inclusive, by and through their respective agents and employees, caused the injuries to John Hernandez and subsequently H.E., as a result of their negligent conduct and/or negligent failure to act as set-forth herein.

51. As an actual and proximate result of said defendants' negligence, Plaintiffs sustained pecuniary loss and pain and suffering, in an amount according to proof at trial.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

## JURY DEMAND

52. Plaintiffs hereby demands a jury trial.

## PRAYER

WHEREFORE, Plaintiff prays for relief, as follows:

1. For general damages in a sum to be determined at trial;

2. For special damages, including but not limited to, past, present and/or future wage loss, income, medical expenses and other special damages in a sum to be determined according to proof;

4. For punitive damages and exemplary damages in amounts to be determined according to proof as to defendant DOES 1 through 25 and/or each of them;

5. Any and all permissible statutory damages;

6. For reasonable attorney's fees pursuant to 42 U.S.C. §1988 and U.S.C. §794a; and

7. For cost of suit herein incurred.

**Dated:  November 2, 2017**                    **THE LAW OFFICES OF JOHN L. BURRIS**


                                                */s/ Melissa C. Nold*
                                                **MELISSA C. NOLD**
                                                **Attorneys for Plaintiffs**