**JOHN L. BURRIS, Esq., SBN 69888**
**BEN NISENBAUM, Esq., SBN 250055**
**MELISSA C. NOLD, Esq., SBN**
**PATRICK M. BUELNA, Esq., SBN 317043**
LAW OFFICES OF JOHN L. BURRIS
Airport Corporate Center
7677 Oakport Street, Suite 1120
Oakland, California 94621
Telephone: (510) 839-5200 Facsimile: (510) 839-3882
John.Burris@johnburrislaw.com
BNisenbaum@gmail.com
Melissa.Nold@johnburrislaw.com
Patrick.Buelna@johnburrislaw.com

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN HERNANDEZ, et al. | Case No. 2:17-cv-02311-JAM-DB |
| Plaintiffs, | **SECOND AMENDED PETITION APPOINTING GUARDIAN AD LITEM AND APPROVING SETTLEMENT AND ORDER** |
| vs. | |
| CITY OF SACRAMENTO, et al. | |
| Defendants. | Courtroom 6, 14th Floor |
| | Hon. John A. Mendez |

Petitioner HERB THOMAS respectfully represents:

1. I am a California Licensed Professional Fiduciary and Registered Guardian. I own and operate Herb Thomas and Associates, Fiduciary Services, which I founded in 2004. I have extensive experience in financial planning, insurance and fiduciary responsibility. My Curricula Vitae, attached as Exhibit A hereto, accurately summarizes my experience, education, and licensing. I have worked extensively in assisting clients navigating the complexities of personal finance and public benefits. I have extensive experience in particular working with plaintiffs whose recoveries in

civil lawsuits may potentially impact public benefits they receive. To that end, pursuant to my qualifications, I provide services as the trustee of special needs trusts on behalf of Plaintiffs like John Hernandez, who receive public benefits. I also act as a Guardian Ad Litem pursuant to my qualifications where a plaintiff is disabled and lacks competency to make their own legal decisions. In some cases, I have been both the Guardian Ad Litem and the trustee of special needs trusts for the same plaintiff.

2. I have also recommended Dale Law Firm (a firm that specializes in estates and trusts) whose attorneys prepared a special needs trust titled the John Hernandez Special Needs Trust and is attached as **Exhibit C**.

3. I became involved in this matter at the request of Plaintiff John Hernandez's attorneys, John Burris, Ben Nisenbaum, Melissa Nold and Patrick Buelna. I have become familiar with the facts of Mr. Hernandez's case, as well as his well-documented disability. I have also reviewed the settlement offered in this action to Mr. Hernandez, the monetary component of which is a $5,000,000.00 payment from the City of Sacramento. Should supplemental medical or psychiatric care be necessary for Mr. Hernandez, I would act as trustee for a special needs trust for Mr. Hernandez to provide for such supplemental care.

4. Mr. Hernandez alleges causes of action against the named defendants herein for violations of his Fourth Amendment Rights under Federal and California law.

5. Plaintiffs' causes of action arise out an incident which occurred on March 6, 2017, in which Defendants officers beat, tased and asphyxiated Mr. Hernandez, resulting in serious injuries.

6. No previous petition for appointment of guardian ad litem has been filed in this matter.

7. I am willing to serve as Mr. Hernandez's Guardian Ad Litem. I am fully competent to understand and protect the rights of Mr. Hernandez and have no interest adverse to that of Hernandez.

8. I request that I be appointed guardian ad litem for Mr. Hernandez, as denoted above, to prosecute the above-described causes of action on behalf of Mr. Hernandez, as denoted above, and for such other relief as the Court may deem just and proper.

9. I am aware that John Hernandez, John Hernandez's biological mother and caretaker, as well as his separated wife, Jennifer Hernandez, approve of the proposed settlement and special needs trust.

10. The proposed settlement of the case has a global settlement of $5,200,000.00 to be paid by the City of Sacramento to satisfy Mr. Hernandez and his daughter, H.E.'s claims for injury and all costs and attorneys' fees, and other non-monetary provisions described above in paragraph 2. The parties, H.E. and John Hernandez, have agreed to apportion $5,000,000 for John Hernandez's injuries and future medical costs, and $200,000 for H.E.'s loss of her familial relationship to her father, John Hernandez The settlement shall be paid as follows:

   a. Attorney fees for Mr. Hernandez shall be 45% of her total gross recovery, in the amount of $2,250,000.00, pursuant to the contingency fee agreement in this case. In addition, Plaintiff's counsel shall recover the litigation costs advanced in advancing Mr. Hernandez's case. The fees and costs include all attorney's fees and costs incurred by Plaintiff's instant counsel, the Law Offices of John L. Burris.

   b. Plaintiffs' counsel shall recover litigation costs advanced in prosecuting this action as set forth: Total amount of litigation costs = $218,124.84

   c. Furthermore, attorneys' fees for preparation of the John Hernandez Special Needs Trust be paid to the Dale Law Firm in the amount of $3,000.

   d. After reduction of attorneys fees from the Law Offices of John Burris, Dale Law Firm and the litigation costs, Mr. Hernandez's net recovery is in the amount of $2,528,875.16.

   e. From Mr. Hernandez's net settlement, $1,250,000.00 shall be placed in a structured settlement as set forth in confidential, sealed Exhibit B attached hereto, which will be disbursed into a special needs trust for John Hernandez. The settlement shall be disbursed into the special needs trust according to the terms of the structured settlement (attached as Exhibit B) – as follows:

   f. **Defendant(s)** shall arrange for the purchase of a tax-free structured settlement annuity policy from Berkshire Hathaway Life Insurance Company of Nebraska**,** through Horacio Lleverino of Settlement Planners, Inc. and Noah S.A. Schwartz of Ringler Associates in the sum of **$1,250,000.00**.

g. **Defendant(s)** shall execute a Settlement Agreement and Release and execute a "Qualified Assignment" of its obligation to make periodic payments pursuant thereto in compliance with IRC Section 104(a)(2) and Section 130(c) of the Internal Revenue Code of 1986, as amended. Said assignment shall be made to **BHG Structured Settlements, Inc.** ("Assignee"). Assignee shall purchase a structured settlement annuity for **$1,250,000.00** through **Berkshire Hathaway Life Insurance Company of Nebraska** which is rated **A++ (Superior) Financial Size XV** through A.M. Best. Said annuity shall provide the following guaranteed Periodic Payments:

## Periodic Payments

The following periodic payments will be made by **Berkshire Hathaway Life Insurance Company of Nebraska**, payable to:

### John Hernandez Special Needs Trust

$2,700.00 for life, payable monthly, guaranteed for 30 years, beginning on 10/15/2019, increasing at a rate of 3.0% compounded annually, with the last guaranteed payment on 9/15/2049.

h. The remaining $1,278,875.16 of Mr. Hernandez's recovery shall be placed directly in the special needs trust, and all payments from the structured settlement shall be paid into the special needs trust. The special needs trust shall be created for John Hernandez titled "John Hernandez Special Needs Trust" (attached hereto as Exhibit C) and managed by Guardian ad Litem Herb Thomas. There shall be a bond for the Trustee be set in the amount of $1,450,000.

i. I will administer the special needs trust as Trustee. I will file accounts and reports for Court approval in the manner and frequency required by the California Probate Code. Venue for all future proceedings concerning the special needs trust be the Alameda County Superior Court.

10. This petition was prepared by the Law Offices of John L. Burris, the lead counsel representing plaintiff in this action. Benjamin Nisenbaum, Esq. of Law Offices of John L. Burris also represents plaintiff and is in agreement with the terms of this Petition. John L. Burris, Esq. and Benjamin Nisenbaum, Esq. hereby represent to the Court that they became involved in this case at the request of plaintiff, and have not received, and do not expect to receive any compensation for their services in connection with this action from any person other than the parties whom they represent in this action. The Counsels of Record for Plaintiff have reviewed and recommend this settlement and appointment as well.

11. Petitioner and his counsel have made a careful and diligent inquiry and investigation to ascertain the facts relating to the subject incidents, the responsibility therefore, and the nature and extent of injury to Mr. Hernandez, and fully understand that if the compromise herein proposed is approved by the Court and is consummated, Mr. Hernandez will be forever barred and prevented from seeking any further recovery of compensation as against all Defendants in this action, even if her losses and injuries might in the future prove to be more serious than they are now thought to be.

12. Petitioner recommends this compromise settlement to the Court as being fair, reasonable, and in the best interests of said incompetent plaintiff.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: July 11, 2019 _____
Herb Thomas

# **ORDER**

Plaintiffs Petition to Appoint HERB THOMAS as the guardian ad litem of JOHN HERNANDEZ, in the instant matter is hereby GRANTED.

The Court hereby approves the settlement according to the terms set forth in the instant petition to approve the settlement of Plaintiff's claims including the following orders:

1. That Payors will issue checks in the total amount of $5,200,000.00 (Five Million Dollars, Two Hundred Thousand and Zero Cents) to settle the claims of the Plaintiff John Hernandez and H.E..

2. That Plaintiff John Hernandez will receive an apportionment of $5,000,000 of the total settlement consistent with the parties' agreement between themselves.

3. Attorneys' fees for litigation ($2,250,000) and litigations costs ($218.124.84) be paid to the Law Offices of John Burris in the total amount of $2,468,124.84.

4. Attorneys' fees for preparation of the John Hernandez Special Needs Trust be paid to the Dale Law Firm in the amount of $3,000.

5. That of John Hernandez's remaining net recovery of $2,528,875.16, there should be $1,250,000 million placed in a structured settlement that should be disbursed into the John Hernandez Special Needs Trust, a special needs trust, as set forth in Exhibit C. The structured settlement (Exhibit B) is as follows:

6. Payment by **Defendant(s)** in the sum of **$1,250,000.00** to **BHG Structured Settlements, Inc.** to provide for the tax-free structured settlement set forth below ("Periodic Payments") and attached as Exhibit "B".

7. The sum of **$1,250,000.00** is to be used by **Defendant(s)** to arrange for the purchase of a tax-free structured settlement annuity policy from **Berkshire Hathaway Life Insurance Company of Nebraska,** through Horacio Lleverino of Settlement Planners, Inc. and Noah S.A. Schwartz of Ringler Associates.

8. **Defendant(s)** shall execute a Settlement Agreement and Release and execute a "Qualified Assignment" of its obligation to make periodic payments pursuant thereto in compliance with IRC Section 104(a)(2) and Section 130(c) of the Internal Revenue Code of 1986, as amended. Said assignment shall be made to **BHG Structured Settlements, Inc.** ("Assignee"). Upon doing so, **Defendant(s)** will no longer be obligated to make the future periodic payments and the Assignee will be the Plaintiff's sole obligor with respect to the future periodic payments, and **Defendant(s)** will have no further obligations whatsoever to the Plaintiff. The Assignee shall purchase a structured settlement annuity for **$1,250,000.00** through **Berkshire Hathaway Life Insurance Company of Nebraska** which is rated **A++ (Superior) Financial Size XV** through A.M. Best.

9. No part of said **$1,250,000.00** may be paid to the **Petitioner**, this Court having determined that a tax-free structured settlement is in the best interest of this disabled adult. **Petitioner** is authorized to settle this claim on behalf of Mr. John Hernandez and receive and negotiate funds. Receipt for purchase of annuity is to be filed with the Court within 60 days.

10. In the event of John Hernandez's premature death, this court authorizes his daughter Hayden Eells to be his beneficiary.

Periodic Payments

The following periodic payments will be made by **Berkshire Hathaway Life Insurance Company of Nebraska**, payable to:

<strong>John Hernandez Special Needs Trust</strong>

$2,700.00 for life, payable monthly, guaranteed for 30 years, beginning on 10/15/2019, increasing at a rate of 3.0% compounded annually, with the last guaranteed payment on 9/15/2049.

11. That the Guardian Ad Litem Herb Thomas is directed to establish the John Hernandez Special Needs Trust as set forth in Exhibit C.

12. That the remaining $1,278,875.16 of John Hernandez's shall be placed in the John Hernandez Special Needs Trust with Guardian Ad Litem Herb Thomas appointed as Trustee.

13. That Bond for the Trustee be set in the amount of $1,450,000

14. The Trustee file accounts and reports for Court approval in the manner and frequency required by the California Probate Code

15. Venue for all future proceedings concerning the special needs trust be the Alameda County Superior Court.

IT IS SO ORDERED.

Dated: July 15, 2019

/s/ John A. Mendez
HONORABLE JOHN A. MENDEZ
United States District Court Judge