**JOHN L. BURRIS, Esq., SBN 69888**
**BEN NISENBAUM, Esq., SBN 250055**
**MELISSA C. NOLD, Esq., SBN 301378**
**PATRICK M. BUELNA, Esq., SBN 317043**
**LAW OFFICES OF JOHN L. BURRIS**
Airport Corporate Center
7677 Oakport Street, Suite 1120
Oakland, California 94621
Telephone: (510) 839-5200 Facsimile: (510) 839-3882
John.Burris@johnburrislaw.com
BNisenbaum@gmail.com
Melissa.Nold@johnburrislaw.com
Patrick.Buelna@johnburrislaw.com

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN HERNANDEZ, et al.,<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>　　　　　Plaintiffs,v.<br>CITY OF SACRAMENTO, et al.,<br><br>　　　　　Defendants. | Case No.: 2:17-cv-02311-JAM-DB<br><br>**AMENDED PETITION TO JENNIFER HERNANDEZ AS MINOR H.E.'S GUARDIAN AD LITEM AND TO COMPROMISE MINOR H.E.'S CLAIMS**<br><br>**Honorable Judge John A. Mendez** |

Petitioner JENNIFER HERNANDEZ respectfully represents and requests:

1.　Petitioner JENNIFER HERNANDEZ is biological mother and caretaker of minor Plaintiff H.E.

1

2. Minor Plaintiff has causes of action against the named defendants herein on which a lawsuit was brought in this court for violation of civil rights under Federal and State statutes.

3. Minor Plaintiff's causes of action arise out of the March 6, 2017 incident wherein named Defendants chased unarmed John Hernandez from the front of a convenience store into a hospital hallways, beat, tased and asphyxiated him. The minor Plaintiff H.E. sustained the damages described in the operative Complaint, including the loss of her familial relationship to her father. There are no outstanding liens or loans related to this incident.

4. No previous petition for appointment of guardian ad litem with respect to the Minor has been filed in this matter.

5. Petitioner is willing to serve as the Minor's Guardian Ad Litem as denoted above. Petitioner is fully competent to understand and protect the rights of the Minor.

6. Plaintiff John Hernandez and Plaintiff H.E. reached have reached a global settlement in this matter in the amount of $5,200,000.00 for the two plaintiffs. The parties agreed amongst themselves to apportion the settlement as follows: $5,000,000 for John Hernandez for his injuries and future medical costs; and, $200,000 for Plaintiff H.E.'s loss of her familial relationship with her father, John Hernandez. Jennifer Hernandez as guardian ad litem for H.E. approved of this settlement and apportionment. Minor Plaintiff H.E.'s shares will be structured as set forth below.

| | |
|---|---|
| Plaintiff H.E.: | $ 200,000.00 |
| Attorneys fees (25%): | $ -50,000.00 |

Plainitff H.E.'s net recovery    $150,000.00

7. From the net recovery $100,000 will be placed in a structured settlement account. (See attached as Exhibit A). The remaining $ 50,000.00 shall be placed in separate interest-bearing blocked trust at an FDIC insured banking institution for the benefit of Minor Plaintiff H.E. Every year on her father's birthday, February 10, there will be disbursed $3,000 to Plaintiff H.E. from the blocked account. Plaintiff is 10 years old now, so over the next 7 years approximately $21,000 will be disbursed. The remaining balance in the blocked account shall be payable to Minor Plaintiff H.E. on her 18th birthday.

8. The structured settlement will be executed as follows:

9. **Defendant(s)** shall arrange for the purchase of a tax-free structured settlement annuity policy from **Berkshire Hathaway Life Insurance Company of Nebraska,** through Horacio Lleverino of Settlement Planners, Inc. and Noah S.A. Schwartz of Ringler Associates in the sum of **$100,000.00**.

10. **Defendant(s)** shall execute a Settlement Agreement and Release and execute a "Qualified Assignment" of its obligation to make periodic payments pursuant thereto in compliance with IRC Section 104(a)(2) and Section 130(c) of the Internal Revenue Code of 1986, as amended. Said assignment shall be made to **BHG Structured Settlements, Inc.** ("Assignee"). Assignee shall purchase a structured settlement annuity for **$100,000.00** through **Berkshire Hathaway Life Insurance Company of Nebraska** which is rated **A++ (Superior) Financial Size XV** through A.M. Best. Said annuity shall provide the following guaranteed Periodic Payments:
   a. The following periodic payments will be made by **Berkshire Hathaway Life Insurance Company of Nebraska**, payable to: Hayden Eells
   b. Guaranteed lump sum payment of $10,000.00 payable at age 18 (on 5/29/2027);

3

c. Guaranteed lump sum payment of $25,000.00 payable at age 22 (on 5/29/2031);

d. Guaranteed lump sum payment of $50,000.00 payable at age 25 (on 5/29/2034); and

e. Guaranteed lump sum payment of $80,000.00 payable at age 30 (on 5/29/2039).

10. This petition was prepared by the Law Offices of John L. Burris, John Burris, Ben Nisenbaum, Melissa Nold and Patrick Buelna the lead counsels representing plaintiffs in this action. John L. Burris, Esq., Ben Nisenbaum, Esq., Melissa C. Nold, and Patrick M. Buelna, Esq. hereby represent to the Court that they became involved in this case at the request of plaintiffs, and have not received, and do not expect to receive any compensation for their services in connection with this action from any person other than the parties whom they represent in this action. The Counsels of Record for Plaintiff have reviewed and recommend this settlement and appointment as well.

11. Petitioners and their counsel have made a careful and diligent inquiry and investigation to ascertain the facts relating to the subject incidents, the responsibility therefore, and the nature and extent of injury to the minor plaintiff, and fully understand that if the compromise herein proposed is approved by the Court and is consummated, said minor plaintiff will be forever barred and prevented from seeking any further recovery of compensation as against defendants City of Sacramento, et al., in this action, even if said minor's losses and injuries might in the future prove to be more serious than they are now thought to be.

12. Petitioner recommends this compromise settlement to the Court as being fair, reasonable, and in the best interests of said minor plaintiff.

4

I declare under penalty of perjury that the foregoing is true and correct.

Dated: July 12, 2019  **THE LAW OFFICES OF JOHN L. BURRIS**

/s/ Patrick Buelna
Patrick Buelna
Attorneys for Plaintiffs

| | |
|---|---|
| 1 | **UNITED STATES DISTRICT COURT** |
| 2 | **EASTERN DISTRICT OF CALIFORNIA** |

| | |
|---|---|
| JOHN HERNANDEZ, et al., | **CASE NO.:** 2:17-cv-02311-JAM-DB |
| Plaintiffs, | **PLAINTIFFS ORDER TO APPOINT JENNIFER HERNDANEZ AS GUARDIAN AD LITEM AND APPROVE MINOR H.E.'S COMPROMISE** |
| v. | |
| CITY OF SACRAMENTO, et al. | **Honorable Judge John A. Mendez** |
| Defendants. | |

**ORDER**

The petition of JENNIFER HERNDANDEZ ("Petitioner") for appointment of Guardian ad litem and for the approval of the proposed compromise of minor H.E. (date of birth 2009) claim against defendants CITY OF SACRAMENTO, et al., (hereinafter collectively referred to as "Payors"). Upon the evidence introduced, the court finds that the facts set forth in said petition are correct and that it is in the best interests of the Minor that said claim be compromised and settled for the amount stated in the petition and that the proceeds of such settlement be paid, distributed, and deposited in the manner hereinafter specifically provided.

IT IS THEREFORE ORDERED:

    A. **JENNIFER HERNANDEZ** is hereby appointed Guardian Ad Litem to prosecute and compromise the claims of Minors H.E. in this action.

    B. That Payors will issue checks in the total amount of $200,000.00 (Two Hundred Thousand Dollars and Zero Cents) to settle the claims of the Plaintiff H.E.. That Plaintiff H.E. will receive an apportionment of $200,000 of the total settlement consistent with the parties' agreement between themselves.

      C. Upon court approval, the Law Offices of John L. Burris shall disburse the settlement proceeds as follows:

      The Court hereby approves the Petition to Compromise Minor H.E., and orders as follows:

1. <u>Payment of Fees and Expenses on Behalf of Minor, H.E.</u>

  a. Attorney's fees payable to the Law Offices of John L. Burris: $50,000.00.

2. <u>Balance</u>

From the net recovery $100,000 will be placed in a structured settlement account. (See attached as Exhibit A). The remaining $ 50,000.00 shall be placed in separate interest-bearing blocked trust at an FDIC insured banking institution for the benefit of Minor Plaintiff H.E. Every year on her father's birthday, February 10, there will be disbursed $3,000 to Plaintiff H.E. from the blocked account. Plaintiff is 10 years old now, so over the next 7 years approximately $21,000 will be disbursed. The remaining balance in the blocked account shall be payable to Minor Plaintiff H.E. on her 18th birthday

3. <u>Structured Settlement</u>

    Payment by **Defendant(s)** in the sum of **$100,000.00** to **BHG Structured Settlements, Inc.** to provide for the tax-free structured settlement set forth below ("Periodic Payments") and attached as Exhibit "X".

    The sum of **$100,000.00** is to be used by **Defendant(s)** to arrange for the purchase of a tax-free structured settlement annuity policy from **Berkshire Hathaway Life Insurance Company of Nebraska,** through Horacio

Lleverino of Settlement Planners, Inc. and Noah S.A. Schwartz of Ringler Associates.

**Defendant(s)** shall execute a Settlement Agreement and Release and execute a "Qualified Assignment" of its obligation to make periodic payments pursuant thereto in compliance with IRC Section 104(a)(2) and Section 130(c) of the Internal Revenue Code of 1986, as amended. Said assignment shall be made to **BHG Structured Settlements, Inc.** ("Assignee"). Upon doing so, **Defendant(s)** will no longer be obligated to make the future periodic payments and the Assignee will be the Plaintiff's sole obligor with respect to the future periodic payments, and **Defendant(s)** will have no further obligations whatsoever to the Plaintiff. The Assignee shall purchase a structured settlement annuity for **$100,000.00** through **Berkshire Hathaway Life Insurance Company of Nebraska** which is rated **A++ (Superior) Financial Size XV** through A.M. Best.

No part of said **$100,000.00** may be paid to the **Petitioner**, this Court having determined that a tax-free structured settlement is in the best interest of the minor. **Petitioner** is authorized to settle this claim on behalf of her daughter and receive and negotiate funds on behalf of the minor. No bond shall be required of **Petitioner**. Receipt for purchase of annuity is to be filed with the Court within 60 days.

### Periodic Payments

The following periodic payments will be made by **Berkshire Hathaway Life Insurance Company of Nebraska**, payable to:

**H.E.**

Guaranteed lump sum payment of $10,000.00 payable at age 18 (on 5/29/2027);

Guaranteed lump sum payment of $25,000.00 payable at age 22 (on 5/29/2031);

Guaranteed lump sum payment of $50,000.00 payable at age 25 (on 5/29/2034); and

Guaranteed lump sum payment of $80,000.00 payable at age 30 (on 5/29/2039).

**Authorization to Execute Settlement Documents:**

On receipt of the full amount of the settlement sum here approved, **Petitioner** is authorized and directed to execute and deliver to **Defendant(s)** a complete Settlement Agreement and Release (which shall provide for a "Qualified Assignment" in compliance with Section 130(c) of the Internal Revenue Code of 1986, as amended) and discharge of any and all claims of H.E. arising from the facts set forth in the Petition, and a properly executed dismissal with prejudice.

Dated: July 15, 2019            /s/ John A. Mendez
                                HONORABLE JOHN A. MENDEZ
                                United States District Court Judge